# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Richardson, )<br>  )<br>  Plaintiff, )<br>  )  Civil Action No. 2:21-3939-RMG<br>vs. )<br>  )<br>Kilolo Kijakazi, Acting Commissioner )<br>of Social Security, )  **ORDER**<br>  )<br>  Defendant. )<br>_____) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") recommending that the decision of the Commissioner be reversed and remanded to the agency for further proceedings because the Administrative Law Judge in multiple different ways failed to build a logical bridge from the record evidence to the conclusion that the opinions of Plaintiff's treating physician, Dr. Tauqeer Alam, were not persuasive because they were, too "speculative and vague" and not supported by treatment notes or the longitudinal record. (Dkt. No. 9). The Commissioner has advised the Court that she does not intend to file objections to the R & R. (Dkt. No. 11).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *See Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The Court has reviewed the R & R of the Magistrate Judge and finds that she has ably addressed the factual and legal issues on appeal and correctly concluded that the Administrative Law Judge has failed to provide a sufficient basis to reject the opinions of the Plaintiff's treating physician.

**Conclusion**

Based on the foregoing, the Court adopts the R & R of the Magistrate (Dkt. No. 9) as the order in this case, reverses the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and remands the matter to the agency for further proceedings consistent with this order.

**AND IT IS SO ORDERED**.

S/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 8, 2022
Charleston, South Carolina